**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **BILL AUSTIN AND ANGIE AUSTIN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CASE NO._____** |
| ) | **DEMAND FOR JURY TRIAL** |
| **REGENCY REALTY INC.,** ) | |
| **REGENCY MANAGEMENT INC.,** ) | |
| **BILLY COTTER, and** ) | |
| **EVELYN HITCH,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### INTRODUCTION

Bill and Angie Austin bring this action for breach of contract, fraud, and conspiracy in the sales of a termite-infested residence in Daleville, Alabama. The Austins sought a 1031 exchange, are from Colorado, and are unfamiliar with the nuances of the local real estate market. The Austins, accordingly, presented a tempting target for those so minded, such as defendants. The defendants both refused the Austins request to inspect the home by claiming that they had no authority to do so and ordered, but did not produce a Terminix termite inspection for the home, causing the Austins to purchase the real estate and/or purchase it "as-is" when they would not have done so if they knew the true condition of the property.

### JURISDICTION, PARTIES, AND ARTICLE III STANDING

1. Because this is an action in which there is a total diversity of the parties, this Court is vested with original jurisdiction under 28 U.S.C. § 1331 and § 1332. Even only a portion of the

concrete and particularized injury in this matter, the loss of the value of the 1031 exchange plus the loss of the value of the real estate and residence, exceeds $75,000.

2. Venue is proper in this Court, the United States District Court for the Middle District of Alabama, pursuant to Title 28, U.S.C. § 1391 and the Local Rules of the United States District Court for the Middle District of Alabama.

3. Defendant, Regency Realty Inc.' ("Realty") is an Alabama domestic corporation that is both registered to conduct business and is conducting business within both the State of Alabama and Dale County Alabama, sufficient to create both general and specific *in personam* jurisdiction. Upon information and belief, the entity is headquartered in Enterprise, Alabama, and does business in Daleville, Alabama.

4. Defendant, Regency Management Inc., ("Management') is an Alabama domestic corporation that is both registered to conduct business and is conducting business within both the State of Alabama and Dale County Alabama, sufficient to create both general and specific *in personam* jurisdiction. Upon information and belief, the entity is headquartered in Enterprise, Alabama and does business in Daleville, Alabama.

5. Defendant Billy Cotter resides in Alabama, is over the age of 19, and is a citizen of Alabama. He owns and operates the Regency defendants. Mr. Cotter is responsible under the real estate laws of Alabama for the actions of his agent, Evelyn Hitch, who works for the Regency defendants.

6. Defendant Evelyn Hitch resides in Alabama, is over the age of 19, and is a citizen of Alabama.

7. Plaintiff Bill Austin is over the age of 19, resides in Colorado Springs, Colorado, and is a citizen of the state of Colorado.

**8.** Plaintiff Angie Austin is over the age of 19, resides in Colorado Springs, Colorado, and is a citizen of the state of Colorado.

## STATEMENT OF FACTS

**9.** Bill and Angie Austin sold property from which they could benefit by making a 1031 exchange. Angie Austin, who has a real estate license in Colorado, and Bill ultimately determined that southern Alabama with reasonable access to the Gulf of Mexico would be an acceptable location for the 1031 exchange. A 1031 exchange is a tax vehicle a seller of real estate may employ to ameliorate tax consequences on a property that has been sold, if there is an investment in appropriate additional real estate; a requirement of that exchange is that the purchased property must be held for two years.

**10.** Ms. Austin, because of her real estate license, primarily negotiated for the Austins. She contacted Regency Realty and Management. She was referred to their agent Evelyn Hitch.

**11.** Regency Management had a management contract at 104 Patricia Lane in Daleville, Alabama, by which it leased and managed that property. That contract expressly permitted Regency Management access to the property; at all times Regency Management literally had physical access to the property. Separately, the lease to the tenants provided access to inspect the property. Regency Management operated in its management contract as the "Landlord" and had all powers of entry and inspection that any Landlord would have.

**12.** The Austins employed Regency Realty as their buyer's agent. Evelyn Hitch contacted and worked with the Austins.

**13.** Ms. Austin demanded to be permitted to view the house inside and/or outside on four occasions, and Ms. Hitch utterly refused each time.

14. Ms. Austin demanded a general walkthrough of the inside and outside of the property. Her Agent, Evelyn Hitch, refused, stating that Regency Management refused to permit a walkthrough. Ms. Hitch further stated that "This is not Colorado, this is Alabama" and further that a general walkthrough was not customary and there was no way to do it.

15. Ms. Austin demanded to be able to review the property during the roofing inspection. Again, Ms. Hitch told Ms. Austin she could not go to the property and there was no way to arrange for her to go there. Again, Ms. Hitch stated that this is Alabama, not Colorado.

16. Ms. Austin demanded to review the property inside and out on the day of a termite inspection. Ms. Hitch again told Ms. Austin that this was Alabama, not Colorado, and that she could not go to the property. Again, Ms. Hitch told Ms. Austin she could not go to the property, because Regency Management refused to permit a walkthrough and there was no way to do it.

17. Ms. Austin demanded to see the property on the day the surveyor was there. Again, Ms. Hitch told Ms. Austin she could not go to the property, because Regency Management refused to permit a walkthrough and there was no way to do it. Again, she stated that this was Alabama not Colorado.

18. The Austins closed on the property. At the closing, only one termite report was presented to the Austins.

19. The Austins, in following up on the termite inspection, discovered that another termite inspection had been done by Terminix at the request of the defendants. The Terminix inspection was known to the defendants and not disclosed, and the Terminix inspector provided information to the Austins that accurately conveyed the magnitude of the destruction of the property that would have been described in the Terminix inspector's report, had that report been provided to the Austins.

20. The Austins, when they took possession of the property, identified a massive termite infestation that will require massive repairs. Should the Austins choose to re-sell the home in less than two years, they will lose the benefit of the 1031 exchange, the whole point of the transaction.

## COUNT ONE

## (BREACH OF CONTRACT)

21. The Austins had a buyer's agent contract with Regency Realty, Billy Cotter, and Evelyn Hitch.

22. That contract required the defendants to disclose all information pertinent to the purchase of the home to the buyers; to disclose to the buyers the knowledge the defendants had as to the state of repair of the home; to disclose all inspections of the home; to help the buyers obtain access to the property to walkthrough and inspect the property; and to not favor the sellers of the property in order to generate a sale over the buyers of the property.

23. The defendants breached each of the above contractual duties.

24. The breach of those duties caused the Austins to be damaged, specifically: (a) they are liable to incur the cost of the repairs of the property; (b) they are at risk to lose the value of the 1031 transaction if they choose to sell the property in less than two years instead of holding onto the diminished-value property; (c) the property value is substantially diminished from the value they purchased it for.

25. Regency Realty, Billy Cotter, and Evelyn Hitch are liable for those damages for breach of contract.

## COUNT TWO

### (Misrepresentation)

26. Regency Realty, Billy Cotter, and Evelyn Hitch misrepresented material facts in violation of Ala. Code 2023, Section 6-5-101, which the Austins acted on, and were damaged, accordingly.

27. As pled in more detail in paragraphs 14-17 and adopted herein, Ms. Austin demanded a walkthrough of the inside and outside of the property on at least four separate occasions. Evelyn Hitch refused, stated Regency Management refused to permit a walkthrough or other access to the property, and there was no way to do it.

28. That constituted misrepresentations of existing facts in that (a) Regency Management did not refuse to permit a walkthrough or access to the property to the Austins, and (b) there were available ways to permit the Austins to see the property, especially given the contractual arrangements.

29. Regency Realty, Billy Cotter, and Evelyn Hitch stated the value of the home to the Austins without termite infestations and damage as if that were the true value of the home, in order to maximize their commission from the sale.

30. As described in paragraphs 27-29, Regency Realty, Billy Cotter, and Evelyn Hitch's misrepresentations violated their duties to Plaintiffs, even in an "as is" sales transaction.

31. These misrepresentations, made willfully to deceive, or recklessly without knowledge, constitute legal fraud.

32. The Austins were damaged by the misrepresentations as described in paragraph 24, which is realleged here.

33. The misrepresentations were such as to permit and indeed require the imposition of punitive damages, both to punish Regency Realty, Billy Cotter, and Evelyn Hitch, and to deter others similarly situated from such conduct in the future.

## COUNT THREE

### (Suppression)

34. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch suppressed material facts that they had an obligation to communicate to the Austins, an obligation arising from both from the confidential relations of the parties and the particular circumstances of this case. Ala. Code 2023, Section 6-5-102. The particular circumstances are that defendants were aware of the condition of the property and that the termite damage was visible and contrived to prevent the Austins from ever accessing the property in an effort to preserve the sale and to maximize the sale value and thus commission from the sale, as well as presenting a more favorable termite inspection at the closing than the facts as described by the Terminix termite inspector to the Austins.

35. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch suppressed the material facts that they were aware that the house had termite infestation and existing damage; that they had legal and physical access to the property so that they could have allowed the Austins access to the property; that the value of the home was less than stated to the Austins.

36. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch suppressed that the Terminix termite inspection even occurred, as well as presenting a more favorable termite

inspection to them at the closing than the facts as described by the Terminix termite inspector to the Austins.

37. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch had a duty to disclose created by case law, which requires disclosure of knowledge of a material defect or condition that affects health or safety when the defect or condition is not known to or readily observed by the buyer. See, e.g., ERA Class.com, Inc. v. Stoddard, 987. So. 2d 1130, 1133 (Ala.Civ.App. 2007).

38. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch's suppression damaged the Austins, as described in paragraph 24, which is realleged here.

39. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch's actions were such as to permit and indeed require the imposition of punitive damages, both to punish Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch, and to deter others similarly situated from such conduct in the future.

## COUNT FIVE

### (DECEIT)

40. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch deceived the Austins by (1) suppressing facts they were bound to disclose, or (2) giving information of other facts which are likely to mislead for want of communication of the suppressed facts. Ala Code 2023, Section 6-5-104.

41. The suppression of facts which supports the deceit count were pled above, paragraphs 34-37. Those paragraphs are re-alleged here.

42. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch provided a termite inspection at the closing. Yet, they did not acknowledge or in any way disclose the existence

of the Terminix termite inspection. The termite inspection provided at closing provided a far less detailed and comprehensive analysis of the magnitude of the termite problem than the facts as described by the Terminix termite inspector to the Austins.

43. Defendants deceived the Plaintiffs precisely as contemplated by the deceit statute, by giving information of other facts—the termite inspection actually provided—which are likely to deceive for want of communication of the suppressed facts-- a far more detailed and comprehensive analysis of the magnitude of the termite problem as described by the Terminix termite inspector to the Austins.

44. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch's deceit damaged the Austins, as described in paragraph 24, which is realleged here.

45. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch's actions were such as to permit and indeed require the imposition of punitive damages, both to punish Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch, and to deter others similarly situated from such conduct in the future.

## COUNT SIX

### (CONSPIRACY)

46. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch combined, and confederated to do the illegal actions complained of above.

47. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch's conspiracy damaged the Austins, as described in paragraph 24, which is realleged here.

48. Regency Realty, Regency Management, Billy Cotter, and Evelyn Hitch's actions were such as to permit and indeed require the imposition of punitive damages, both to punish Regency

Realty, Regency Management, Billy Cotter, and Evelyn Hitch, and to deter others similarly situated from such conduct in the future.

**WHEREFORE, PREMISES CONSIDERED, BILL AND ANGIE AUSTIN DEMAND AS FOLLOWS:**

a. For compensatory damages;

b. For punitive damages to punish these defendants and to deter others similarly situated from such conduct in the future;

c. For such other relief as the Court deems appropriate.

**THE PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY.**

*Attorneys for the Plaintiffs:*

/s/ Michael F. Braun

―――――――――――――――――――
MICHAEL F. BRAUN (AL-4167U50M)
5016 Centennial Boulevard, Ste.200
Nashville, Tennessee 37209
(615) 378-8942
Fax: (629) 255-4445
Email: mfb@braun-law.com

/s/ L. Landis Sexton

―――――――――――――――――――
L. LANDIS SEXTON (AL-5057N71L)
The ADA Group, LLC
3116 Southview Avenue
Montgomery, AL 36106
(334) 303-9359
Fax: 334-819-4032
Email: lls@ada-firm.net